UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-474-P-H |
| | ) |
| JON B. GILLESPIE, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

The United States filed this action on September 25, 2009, against Jon Gillespie who is indebted to the United States Department of Education as a consequence of student loan obligations.  The United States is seeking to collect judgment in the amount of $79,745.57, prejudgment interest from June 10, 2009, to the date of judgment at the rate of $9.68 per day, and a filing fee in the amount of $350.00.  Pending is the United States' motion for summary judgment.  Gillespie has filed an answer to the complaint and a response to the motion for summary judgment which explains, at great length, the unfortunate circumstances behind his default.  He has not filed a response to the United States' statement of material facts.  I now recommend that the Court grant the unopposed motion for summary judgment.

*Discussion*

*Summary Judgment Standard*

"Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  I "draw the relevant facts from the summary judgment record and rehearse them in the light most flattering to" Gillespie.  Bergeron v. Cabral, 560 F.3d 1, 4 (1st Cir. Mar. 9, 2009) (citing Cox v.

Hainey, 391 F.3d 25, 27 (1st Cir.2004 (quoting Federal Rule of Civil Procedure 56(c)).  I draw all reasonable inferences in favor of Gillespie, but where he bears the burden of proof, he "'must present definite, competent evidence' from which a reasonable jury could find in [his] favor." United States v. Union Bank For Sav. & Inv. (Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)).

Gillespie has not presented any evidence in defense of the motion for summary judgment. He has not complied with District of Maine Local Rule 56.  Subsection (c) of Local Rule 56 provides:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule.

Dist. Me. Loc. R. 56(c).

However, this court,

> may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days. Rather, the court must determine whether summary judgment is "appropriate," which means that it must assure itself that the moving party's submission shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Advisory Committee Note to Rule 56 ("Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.").

NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 -8 (1st Cir. 2002).

*Undisputed Facts*

On or about September 26, 1988, Jon B. Gillespie executed a promissory note to secure a Federal Family Loan Program Consolidation loan from Gary Wheaton Bank, Wheaton, Illinois (SMF ¶ 1.) The loan was disbursed for $26,411.00 on May 22, 1989. The loan obligation was guaranteed by Illinois Student Assistance Commission, and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et seq. (Id. ¶ 2.) On or about September 9, 1997, Gillespie defaulted upon the terms of the promissory note and the holder filed a claim on the loan guarantee. The guarantor was reimbursed by the Department of Education. (Id. ¶ 3.) On May 19, 2004, the loan was assigned to the U.S. Department of Education. The defendant is now indebted to the U.S. Department of Education in the principal amount of $39,297.23, interest as of June 10, 2009, in the amount of $40,448.34, for a total amount due of $79,745.57. Interest is accruing from June 10, 2009, at the rate of $9.68 per day until the date of judgment. (Id. ¶ 4.) The U.S. Department of Education has credited a total of $2,635.00 toward the debt. (Id. ¶ 5.) Demand has been made on Gillespie by the plaintiff for the sum due, but the amount due remains unpaid. (Id. ¶ 6.) Gillespie is not asserting that he is in the military service of the United States or that he is an infant or a mentally incompetent person. (Id. ¶ 7.)

*Recommended Disposition*

"To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." United States v. Petroff-Kline 557 F.3d 285, 290 (6th Cir. 2009) (citing United States v. MacDonald, No. 93-1924, 1994 WL 194248, at *2 (6th Cir. May 16, 1994) (per curiam) and United States v. Lawrence, 276 F.3d 193, 197 (5th Cir.2001)). "For that purpose the

government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." Id. (citing United States v. Davis, 28 Fed.Appx. 502, 503 (6th Cir.2002)); see also United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975) ("We hold that the court erred in holding the Government to such a burden of proof and in dismissing the suit, for the Government's prima facie case was clearly established by introduction of the note, the guaranty, and the sworn transcript of account."). The United States has satisfied its prima facie burden.

"Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." Petroff-Kline, 557 F.3d at 290. As noted, Gillespie's answer to the complaint is a detailed narrative, one that describes the ongoing health and employment difficulties he has experienced since his attendance at chiropractic school beginning in 1983. Gillespie relates how these obstacles led to his default and his inability to meet the loan obligations. He also tells of many unsuccessful efforts he made to negotiate a settlement of his student loan debt. Although these circumstances are unfortunate, they do not -- even if they were presented in a properly framed response to the motion for summary judgment -- meet Gillespie's burden of creating a genuine dispute of fact as to the nonexistence, extinguishment, or variance in payment of the obligation. In his response to the motion for summary judgment (Doc. No. 10) Gillespie retraces much of the same ground as he set forth in his answer while conceding his default. It is obvious from these pleadings that Gillespie has had a host of difficulties and he identifies many wrongs done by entities that are in no way connected to the Department of Education or the Assistant United States Attorney assigned to this case. He also stresses that he does not feel like he has reaped a benefit from the education that he received as a consequence of his student loans. I do not doubt that Gillespie

has "diligently tried to work around [his] limitations only to be met with frustration and disappointment." (Resp. Mot. Summ. J. at 14.)   However, this personal history is not sufficient to overcome the United States' demonstration that it is entitled to judgment on Gillespie's student loan obligations.[1]

### *Conclusion*

Based on the forgoing, I recommend that the Court grant the United States' motion for summary judgment.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 5, 2010.

---

[1] In reply to Gillespie's response to its motion, the United States opines:
> Over the past several months, the undersigned counsel has spoken repeatedly with Mr. Gillespie by phone, and met once in person, regarding his ongoing hardships and the numerous instances he describes of frustrating treatment. Although the undersigned counsel does not dispute Mr. Gillespie's sincerity in these matters, they do not provide a legal basis to avoid having his student loan debt reduced to a judgment. Indeed, as has been discussed with Mr. Gillespie, given Mr. Gillespie's current financial inability to make a compromise settlement offer within the parameters acceptable to the U.S. Department of Education, reducing the student loan debt to judgment is most likely a prerequisite to any future resolution of the matter. Moreover, with respect to Mr. Gillespie's financial hardship, the undersigned counsel arranged for Mr. Gillespie to receive a copy of the agency's Disability Waiver application form, which offers an avenue for qualifying individuals to avoid repayment of their student loans.

(Pl.'s Reply at 1.)   There may be hope yet for a resolution more favorable to Gillespie.  I am just quite sure that he cannot get relief in the context of this action given the undisputed fact of default.